UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BARRY PIPKIN,<br>    Petitioner, | Case No. 1:15-cv-775 |
| vs. | Black, J.<br>Wehrman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **SUPPLEMENTAL REPORT<br>AND RECOMMENDATION** |

In this habeas corpus case, a dispositive Report and Recommendation is pending before the District Court. (Doc. 27). Petitioner has now filed a "Motion for Certificate of Appealability" (Doc. 30) and a "Motion for Stay to File Reconsideration in the Twelfth District Court of Appeals" (Doc. 31). For the following reasons, both motions should be **DENIED**.

Petitioner's motion for a certificate of appealability (Doc. 30) should be **DENIED** because (1) it is premature, given that the undersigned's Report and Recommendation is pending before the District Court, and (2) for the reasons stated in the Report and Recommendation, petitioner has not met the standard under *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), for obtaining a certificate of appealability. (*See* Doc. 27, at PageID 1001-21).

Petitioner's motion for stay (Doc. 31) should also be **DENIED**. Petitioner seeks to stay this case so that he may return to the state courts to exhaust a new claim that he would then seek to add to his petition. (*See id.*).

A district court's authority to stay a habeas proceeding pending state court action is recognized in *Rhines v. Weber*, 544 U.S. 269 (2005). The same case limits the court's authority to stay to cases where there is good cause for a petitioner's failure to exhaust before coming to federal court. *See id.* at 278. Petitioner has provided no basis for his not previously exhausting the new claim he seeks to bring, which arises out of the Ohio Court of Appeals' 2015 dismissal

of his direct appeal.  (*See* Doc. 31, at PageID 1065; *see also* Doc. 27, at PageID 995-96 (setting for relevant procedural history of case)).  Further, to the extent that petitioner would seek leave to amend his petition to raise this new claim, a motion for leave to amend may be denied if it is brought after undue delay or with a dilatory motive.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  To move to amend when the case is already pending on a dispositive Report and Recommendation is plainly dilatory.

Accordingly, in sum, the undersigned concludes that petitioner's Motion for Certificate of Appealability (Doc. 30) and Motion for Stay to File Reconsideration in the Twelfth District Court of Appeals (Doc. 31) should be **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's Motion for Certificate of Appealability (Doc. 30) and Motion for Stay to File Reconsideration in the Twelfth District Court of Appeals (Doc. 31) be **DENIED**.

2.  The Court **DENY** with prejudice the 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. 4) for the reasons stated in the undersigned's initial Report and Recommendation (Doc. 27).

3.  A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[1]  In addition, a certificate of appealability should not issue with respect to the claims addressed on the merits herein in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that

---

[1] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief.  *See Slack*, 529 U.S. at 484.

the issues presented are "adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 475 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    4.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the initial Report and Recommendation (Doc. 27) and/or the instant Supplemental Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                                              *s/ J. Gregory Wehrman*
                                              J. Gregory Wehrman
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARRY PIPKIN,  
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-775

Black, J.
Wehrman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).